[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition filed December 17, 1998, the above cited petitioner seeks a writ of habeas corpus. For reasons hereinafter stated, the petition is dismissed.
The petition alleges that on January 10, 1996, petitioner was sentenced to a term of imprisonment in the custody of the Commissioner of Correction, and that he remains illegally confined under this sentence. The gist of the petition is that the Commissioner of Correction has failed to credit petitioner with good time under an illegal interpretation of Public Act 93-219 (now General Statutes § 18-100d) involving a crime committed on or after October 1, 1994.
General Statutes § 18-100d provides as follows:
 Notwithstanding any other provision of the general statutes, any person convicted of a crime committed on or after October 1, 1994, shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms for which he was sentenced.
In Velez v. Commissioner of Correction, 250 Conn. 536 (1999), the Supreme Court held that in light of its language and legislative history, § 18-100d renders the good time statutes inapplicable to persons, like the petitioner, sentenced to terms of imprisonment for CT Page 12042 crimes committed on or after October 1, 1994.
A review of the file in this case reveals that the offense for which the petitioner is incarcerated occurred after October 1, 1994. Accordingly, it must be concluded that the petitioner is not legally entitled to the good time sentence reduction claimed in the petition and the petition must be dismissed.
Terence A. Sullivan Superior Court Judge